IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KNOWLINGTON O. BURBAGE ) | CASE NO. 1:10CV0209 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.* ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants. ) | |

Plaintiff *pro se* Knowlington O. Burbage, an inmate located at the Elkton Federal Correctional Institution, ("FCI Elkon") Lisbon, Ohio, brings this action action alleging a violation of the Federal Torts Claims Act ("FTCA"), 28 U. S. C. § 2671 *et seq*. The Defendants are the United States of America, the United States Attorney for the Northern District of Ohio and the Attorney General of the United States.

Plaintiff alleges that officials at FCI Elkton were negligent in providing prompt and sufficient treatment for a pelvic hernia and a ruptured patella tendon. The medical staff allegedly delayed several days before sending him to the hospital, getting x-rays and surgery which has prevented him from working and living a life free from pain. Plaintiff presented a claim through the prison grievance procedure.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing

numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The doctrine of sovereign immunity protects the United States against suit, unless it waives this immunity and consents to be sued. *Center for Bio-Ethical Reform, Inc. v. City of Springboro,* 477 F.3d 807, 820 (6th Cir. 2007) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Butz v. Economou,* 438 U.S. 478, 504 (1978); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 115 (6th Cir. 1988)). The FTCA makes suit against the United States the exclusive remedy for common-law torts. Individual federal officers are immune from suit under the FTCA. *United States v. Smith,* 499 U.S. 160, 163 (1991); *Green v. Aviles*, 2009 WL 1811896 * 1-2 (E.D. Mich., Jun. 23, 2009) (citing *Rivera v. United States,* 928 F.2d 592, 608-09 (2nd Cir. 1991)). Therefore, the United States Attorney for the Northern District of Ohio and the Attorney General of the United States are not proper parties and must be dismissed from this action.

The United States Supreme Court has held that the FTCA applies to federal inmates' claims alleging personal injuries sustained while incarcerated because of the negligence of government employees. *Glover-Bryant v. Uptagraft*, 2009 WL 1313319 * 3 (E.D. Ky., May 12, 2009) (citing *United States v. Muniz,* 374 U.S. 150 (1963)). However, the FTCA requires exhaustion of administrative remedies before an action can be filed in federal court. *Id*.  28 U.S.C. § 2675 provides:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

A prisoner satisfies this requirement by filing the standard Form 95 with the regional Bureau of Prisons ("BOP"). *Staples v. Dewalt*, 2009 WL 1505560 * 4 (E.D. Ky., May 27, 2009) (citing *Conn v. United States*, 867 F.2d 916, 918 (6th Cir.1989)). *See* 28 C.F.R. § 543.30 *et seq*. The tort claim must be presented to the BOP within two years after the cause of action accrues. 28 U.S.C. § 2401(b). A lawsuit must then be filed within six months of the denial of the administrative claim. *Id*.; *Brooks v. Silva*, 2009 WL 1211024 * 4 (E.D. Ky., May 1, 2009).

There is no indication in Plaintiff's complaint that he has submitted the Form 95 with the BOP and that he has received denial of his claim by certified or registered mail. Filing a grievance with FCI Elkton is insufficient. Further, Plaintiff did not specify the date of his injury which precludes the Court from determining whether he has satisfied the requirement of presenting his claim to the BOP within two years of its accrual.

Accordingly, for the reasons set forth above, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: March 18, 2010                                    S/Christopher A. Boyko
                                                        JUDGE CHRISTOPHER A. BOYKO
                                                        UNITED STATES DISTRICT JUDGE